### T. B. WILKINS *v.* WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH COMPANIES. *Inaccurate transmission. Statutory penalty. Act of March* 18, 1886.

    This act (Laws 1886, p. 18), entitled "An act to require telegraph companies to deliver messages within a reasonable time," and which imposes, in addition to other damages, a penalty of $25 against any telegraph company that "shall neglect, fail, or refuse to transmit and deliver within a reasonable time, without good and sufficient excuse, any message," etc., was intended to insure promptness, and not accuracy, of transmission. It has no application to cases of erroneous transmission.

2. SAME. *Recovery of statutory penalty. Res judicata.*

    The statutory penalty of $25 provided by said act is not part of an entire demand for damages, and its recovery in a separate suit therefor will not bar an action for other damages growing out of the neglect or failure of the telegraph company to transmit and deliver the same message.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

Appellant brought this suit in the circuit court to recover of appellee for losses claimed to have been sustained by its erroneous transmission of a message sent by him. The telegram delivered to the company was signed " T. B. Wilkins," but when delivered to the sendee had been so changed as to read " T. B. Williams," and the sendee, being misled by the error, failed to reply and give certain information asked in the telegram.

The defendant company, among other defenses, interposed a plea of *res judicata*, in which it alleged that the plaintiff, soon after the sending of the telegram, had brought suit against it and recovered judgment for the sum of $25 and costs for not performing the same duties and promises, etc., for the non-performance of which this suit is brought. Plaintiff filed a replication to this plea, and averred that the former recovery was in a suit brought only for the penalty of $25 prescribed by the act of March 18, 1886, which imposes that penalty in addition to other damages against any telegraph company that neglects, fails, or refuses to transmit and deliver, within a reasonable time, without good and sufficient excuse, any message, etc. Defendant demurred to the replication, and the demurrer was sustained and the cause dismissed. And from this judgment the plaintiff appeals.

*Clayton & Anderson,* for appellant.

The two suits were for distinct causes of action. While the moving cause of the suits, the telegram, is the same, the similarity there ceases, and after proving the fault of the telegraph company in sending the message, the proof is necessarily different. In the former suit there was no proof as to the actual damages. The pleadings did not present the question. It was not in issue, and was not decided. The mere fact that the claim might have been propounded in a suit does not make it *res judicata,* if in fact it was not embodied in it. *Davis* v. *Davis,* 65 Miss. 498; *Hubbard* v. *Flint,* 58 Ib. 266; *Cromwell* v. *County,* 94 U. S. 35; 96 Am. Dec. 741.

The separate suits were proper. There was no splitting of one cause of action. *Drysdale* v. *Biloxi Canning Co.,* 67 Miss. 534; *Pittman* v. *Chrisman,* 59 Ib. 142.

The former suit was an action of debt. This is trespass. Code 1880, § 1536, was intended to render immaterial a misnomer of the form of action. It is not intended to permit any one suit for any number of different things.

*Sykes & Richardson,* for appellee.

The act of 1886 did not create a separate and distinct cause of action, but merely *added* to the damages already allowed by law.

Proof of actual damages must precede recovery of the additional or statutory damage, and their demand is a necessary part of the pleadings.   There can be but one cause of action, and the plaintiff can no more split his demand in this case than he could sue for compensatory damage and punitive damages for the same tort in separate actions.   If Wilkins did not recover enough when he sued for the penalty, the fault was in the adoption of an incomplete remedy, or in the result of it.   He cannot sue again.   Wells Res. Adj. § 228 ; *State* v. *Morrison*, 60 Miss. 74 ; Bigelow, Estop. 129 ; Herman, Estop. § 77 ; Freeman, Judgments, §§ 238, 240 ; 2 Smith's L. C. 801.   A proper test is to consider whether the same evidence would sustain both actions.   Brown's Legal Maxims, 255 (n. 8).

Where the demand grows out of a single contract, and its adjudication requires an investigation of the same facts, and the parties have not, by the form of the contract, secured it, there can be but one recovery.   *Grayson* v. *Williams*, Walker, 298 ; *Agnew* v. *McElroy*, 10 S. & M. 552 ; *Ammons* v. *Whitehead*, 31 Miss. 99 ; *Shattuck* v. *Miller*, 50 Ib. 386 ; *Ash* v. *Lee*, 51 Ib. 101 ; *Gains* v. *Kennedy*, 53 Ib. 103 ; *Scully* v. *Lowenstein*, 56 Ib. 654 ; *Bass* v. *Nelms*, Ib. 507 ; *Pittman* v. *Chrisman*, 59 Ib. 124.

*W. P. & J. B. Harris*, on the same side.

It was never contemplated by the act of 1886 that there could be an independent recovery of the $25 penalty.   The right to recover it is dependent on the right to recover other damages flowing from the breach.   It is necessary to show other damages, although they be nominal.   *Allen* v. *Tel. Co.*, 66 Miss. 549.   It is plaintiff's misfortune that he did not sue for enough in his first action.   His demand cannot be split.   47 Miss. 266 ; 50 Ib. 599 ; 51 Ib. 101.

CAMPBELL, J., delivered the opinion of the court.

The demurrer to the replication to the plea of *res judicata* should have been overruled for two reasons :   1. Because the act entitled, "*An act to require telegraph companies to deliver messages within a reasonable time*," approved March 18, 1886, acts p. 91, does not apply in case of erroneous transmission of messages, but only where there is neglect or failure to transmit and deliver.   The penalty is

denounced against dereliction of duty by neglect, refusal, or failure as to time. Its purpose was to insure promptness and not accuracy in the transmission and delivery of messages. Therefore, a recovery by Wilkins to which he was not entitled did not bar this action.

2. The twenty-five dollars provided by the act cited is not a part of an *entire* demand, but is a separate and distinct thing, for which one entitled may sue and recover, without suing for anything else, and such recovery is not a bar to another action for a distinct thing. The manifest purpose of the act was to incite to promptitude by telegraph companies by subjecting to liability to a recovery of $25 as a penalty for every failure of duty in the particulars mentioned by it, whatever else the company derelict in this might be liable for.

*Judgment reversed and case remanded.*